IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRCT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RHONDA SCHMIDT, | ) | CASE NO. 1:19-CV-01605-DAP |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| vs. | ) | |
| | ) | MAGISTRATE JUDGE |
| G.S. POLYMERS, INC., *et al.*, | ) | JONATHAN D. GREENBERG |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2. Before the Court is Plaintiff's Motion to Remand. (Doc. No. 8.) For the following reasons, the undersigned recommends that the Motion to Remand be GRANTED.

## I. Factual and Procedural Background

Defendants Ellsworth Corporation, Resinlab, LLC, GS Polymers, and Ellsworth Adhesives Specialty Chemical Distribution, Inc. ("the Removing Defendants") removed this state-law personal injury case to federal court after being notified by counsel for defendant Lincoln Electric "that it had reached a settlement with Plaintiff and would be dismissed from the litigation." (Doc. No. 1 at ¶¶5-9.) The email on which the Removing Defendants rely in support of removal and jurisdiction was sent on June 21, 2019, from Gregory Thompson, counsel for Lincoln Electric, and reads as follows:

> All,
>
> Pursuant to the joint defense agreement (the "JDA"), I am providing notice that Lincoln Electric has reached a confidential settlement and will be dismissed from Schmidt litigation (Cuyahoga County Court of Common Pleas Case No. CV-18-900797). Lincoln Electric will provide notice to LMI that it has settled and will be dismissed. Regarding the experts: because Roetzel & Andress has been coordinating their retention, Lincoln Electric will

1

> deem this email as the requisite notice under the JDA to relieve it of any further obligations for payment of expert fees and expenses. Please send us any final invoices. The site inspection for June 25 is still on. We will certainly cooperate with you in scheduling any defense site inspection or depositions of Lincoln Electric employees.
>
> Regards,
> Greg

(Doc. No. 1-3.)

As defendant Lincoln Electric is the only non-diverse party in the case,[1] the Removing Defendants assert that removal is proper, and this Court has diversity jurisdiction over this case. (Doc. No. 1, 11.) Plaintiff contests the Removing Defendants' assertion that removal is proper and filed a motion to remand to state court. (Doc. No. 8.)

## II.     Law and Analysis

### A. Applicable Standards

This district has previously stated the standard for motions to remand as follows:

> A defendant may remove to federal court only state court actions that originally could have been filed in federal court. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L.Ed. 2d 318 (1987); 28 U.S.C. § 1441(a). As a court of limited jurisdiction, a federal district court must proceed cautiously in determining that it has subject matter jurisdiction. *Musson Theatrical, Inc. v. Fed. Express Corp.,* 89 F.3d 1244, 1252 (6th Cir. 1996). The court must give "due regard" to the power reserved to the states under the Constitution for the determination of controversies in the state courts. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09,

---

[1] In the Notice of Removal, the Removing Defendants stated, "Ellsworth Corporation and its subsidiaries Resinlab, LLC and Ellsworth Adhesives Specialty Chemical Distribution, Inc. are corporations organized and existing under the laws of the Wisconsin [sic] with their principal places of business in Wisconsin." (Doc. No. 1 at ¶16.) But this statement was deficient with respect to the citizenship of Resinlab, LLC. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Because it was unclear whether complete diversity existed outside of Lincoln Electric, the Court ordered the Removing Defendants to file a jurisdictional statement identifying the citizenship of all of defendant Resinlab, LLC's members. (Doc. No. 10.) The Removing Defendants filed a jurisdictional statement showing Resinlab, LLC's sole member is Ellsworth Corporation, a Wisconsin corporation incorporated under the laws of Wisconsin, and which has its headquarters and principal place of business in Wisconsin. (Doc. No. 11.)

> 61 S. Ct. 868, 85 L.Ed. 1214 (1941). Accordingly, removal statutes must be construed strictly to promote comity and preserve jurisdictional boundaries between state and federal courts. *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir. 1994). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999). The removing defendant bears the burden of proving the court's jurisdiction. *See Rogers v. Wal–Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000).

*Sanders v. Arctic Cat, Inc.*, No. 5:15-CV-2286, 2016 WL 1409212, at *2 (N.D. Ohio Apr. 11, 2016). An order remanding a case to state court "is not reviewable on appeal or otherwise," with two exceptions that are not applicable here. 28 U.S.C. § 1447(d).[2]

28 U.S.C. § 1446 sets forth the timing and procedure for the removal of civil actions. Under § 1446(b)(1), notice of removal must be filed within 30 days of the receipt of the initial pleadings or summons by the defendant. 28 U.S.C. § 1446(b)(1). If the civil action is not removable when filed, the timing for removal set forth in § 1446(b)(3) controls: "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"Removability under § 1446(b)(3) is conditioned upon the 'voluntary actions' of plaintiff." *Sanders*, 2016 WL 1409212, at *3 (quoting *Davis v. McCourt*, 226 F.3d 506, 510 n.3 (6th Cir. 2000)). This requirement that a plaintiff take some "voluntary action" to create diversity jurisdiction where it did not exist before, known as the "voluntary-involuntary rule," "'is meant to safeguard the integrity of federal jurisdiction.'" *Id.* (citing *Jackson v. E-Z-Go Div. of Textron, Inc.*, Civil Action No. 3:12-CV-154-H, 2012 WL 2562830, at *3 (W.D. Ky. June 29, 2012)).

---

[2] The exceptions are orders remanding a case to the state court from which it was removed pursuant to 28 U.S.C. § 1442 ("Federal officers or agencies sued or prosecuted") or 28 U.S.C. § 1443 ("Civil rights cases"). 28 U.S.C. § 1447(d).

3

### B. Application

#### 1. "Other paper" under § 1446(b)(3)

The Removing Defendants argue the email from Lincoln Electric's counsel constitutes "other paper" under § 1446(b)(3) and assert that since Lincoln Electric does not need to be dismissed from the case before removal is proper, they removed this case timely and this Court has jurisdiction. (Doc. No. 1 at 1-4.) Plaintiff asserts the email from Lincoln Electric's counsel fails to qualify as "other paper" under the statute on two grounds: (1) it came from a co-defendant, and therefore is not a "voluntary act" by the Plaintiff as required; and (2) the email "does not clearly and with certainty assure when and under what terms dismissal of Lincoln Electric will occur . . . ." (Doc. No. 8 at 4.)

Both sides note there is little Sixth Circuit case law on the definition of "other paper" under § 1446(b)(3). (Doc. No. 8 at 4; Doc. No. 1 at 3.) *See also Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 365 (6th Cir. 2015) ("We have yet to fully expound the meaning of 'other paper' under § 1446(b)(3)."). "The definition of 'other paper' is broad and may include any formal or informal communication received by a defendant." *Hiser v. Seay*, No. 5:14-CV-170, 2014 WL 6885433, at *2 (W.D. Ky. Dec. 5, 2014). *See also Berera*, 779 F.3d at 365 ("Thus, as a general matter, 'documents such as deposition transcripts, answers to interrogatories and requests for admissions, … amendments to ad damnum clauses of complaints, and correspondence between the parties and their attorneys or between the attorneys' may constitute 'other papers' under § 1446(b)(3).") (citation omitted).[3] "Virtually every court that has considered the issue has

---

[3] In Class Action Fairness Act ("CAFA") cases, Sixth Circuit law states that the thirty-day clock under § 1446(b) starts to run "only when the defendant receives a document *from the plaintiff* from which the defendant can unambiguously ascertain CAFA jurisdiction." *Grasier v. Visionworks of Am., Inc.*, 819 F.3d 277, 285 (6th Cir. 2016) (emphasis in original). In a non-CAFA case where the plaintiff, opposing removal, argued defendants had an obligation to investigate the plaintiff's citizenship sooner than they did, the defendants, relying on *Graiser*, argued the thirty-day clock under § 1446(b) only began to run when the defendant received "a document *from the plaintiff*," and a defendant was "not required to search its own business records or 'perform an independent investigation' . . . ." *Forest Creek Townhomes, LLC v. Carroll*

held that settlement demand letters and other correspondence between parties may constitute 'other paper.'" *Mathes v. Waller*, No. 3:19-cv-00751, 2019 WL 5394310, at *5 (M.D. Tenn. Oct. 22, 2019).

Settlement is a "voluntary act" by a plaintiff for purposes of the voluntary-involuntary rule. *Comer v. Schmitt*, No. 2:15-cv-2599, 2015 WL 5954589, at *3 (S.D. Ohio Oct. 14, 2015) ("The Court is mindful that other courts in the Sixth Circuit have held that where a plaintiff agrees to a settlement with all non-diverse defendants, '[p]laintiff, by his voluntary act has definitely indicated his intention to discontinue the action as to the non-diverse defendant [and] indicated that he no longer desires to dictate the forum and the case then becomes removable under 28 U.S.C. § 1446(b).'") (quoting *DiNatale v. Subaru of America*, 624 F. Supp. 340, 343 (E.D. Mich. 1985)). "Courts have [] held that, in the case of a settlement agreement, if a defendant has come into possession of a settlement agreement showing that all claims against the non-diverse defendant have been settled and that the claims will be dismissed, the remaining defendant does not need to wait until the state court actually dismisses all claims against the non-diverse defendant in order to remove." *Mathes*, 2019 WL 5394310, at *6 (citing *Hiser*, 2014 WL 6885433, at *2) (additional citations omitted).

---

*Property Mgmt., LLC*, 695 F. App'x 908, 913 (6th Cir. 2017) (emphasis in original). Without specifically addressing the defendants' argument, the Sixth Circuit cautioned:

> Neither *Graiser* nor *Gascho* is directly relevant here because removal based on CAFA differs from removal based on diversity jurisdiction in important ways. In cases not involving CAFA, the removal statutes are to be construed "strictly" and ambiguities "must be resolved in favor of remand to the state courts." *Id.* at 283 (quoting *Holston v. Carolina Freight Carriers Corp.*, No. 90-1358, 1991 WL 112809 (6th Cir. June 26, 1991)). Although CAFA removal is governed by the same thirty-day limits as general removal, *id.* at 282 (citing 28 U.S.C. § 1453), CAFA removal is unique in that "no antiremoval presumption attends cases invoking CAFA," *id.* at 283 (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, ––– U.S. –––, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014)). We need not look to CAFA cases to resolve this case.

*Id*.

5

At least one district within this circuit holds "that removal is improper when the diverse defendant removes an action before the plaintiff executes a release with the non-diverse parties." *Bruin v. Miller*, Civil Action No. 12-129-DLB-JGW, 2012 WL 12925030, at *2 (E.D. Ky. Aug. 30, 2012) (citing *Reid v. Am. Commerce Ins. Co.*, No. 6:07-cv-73, 2007 WL 1173030, at *4 (E.D. Ky. Apr. 19, 2007)) (In *Reid*, "[t]he [c]ourt noted that the plaintiff 'had not entered into a binding and enforceable settlement agreement and [plaintiff] was not obliged to proceed with the settlement of her claims against [the non-diverse defendant].'").

As the court noted in *Mathes*, the ultimate question is whether the June 21, 2019 email from counsel for Lincoln Electric "constituted a document from which it could be 'ascertained' that the case had become removable." *Mathes*, 2019 WL 5394310, at *6. In *Forest Creek*, the Sixth Circuit emphasized:

> We have stated that the thirty-day period for removal begins to run when the initial pleading or subsequent paper first provides 'solid and unambiguous information that the case is removable." *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015) (internal quotation marks and citation omitted). Therefore, the thirty-day period for removal begins when a defendant has *solid and unambiguous* information that a federal district court would have jurisdiction over the case.

695 F. App'x at 912 (emphasis added).

Courts "evaluate[] whether removal was proper by looking at the four corners of the 'other paper' – here the email – and not considering anything else, such as the subjective knowledge of the defendant or general context." *Nancy Doty, Inc. v. Fox Head, Inc.*, No. 3:19-cv-0405-SI, 2019 WL 4237760, at *3 (D. Ore. Sept. 6, 2019) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). *See also Mathes*, 2019 WL 5394310, at *8 ("In short, the court finds that RMF has not established that it is in possession of any 'paper' showing unequivocally and unambiguously, whether alone or in combination with other documents, that Burns has been dismissed from the Recoupment Action."); *State Farm Fire and Cas. Co. v. Valspar Corp., Inc.*, 824 F. Supp. 2d 923, 931 (W.D.S.D. 2010) ("When considered on its face without

6

consideration of the subjective knowledge of Valspar, the e-mail sent by Ms. Estes' counsel simply is too vague to have provided clear notice the action had become removable.") (collecting Tenth Circuit cases).

In *Hiser*, a case on which the Removing Defendants rely, and which appears to be the most analogous case within this circuit, the "other paper" at issue was "e-mail correspondence" from plaintiff's counsel to defense counsel[4] regarding settlement. 2014 WL 6885433 at *3. The court analyzed the § 1446(b)(3) issue as follows:

> Plaintiffs concede that they had reached *settlement agreements* with the Seays and KFB, but note that those parties had not been formally dismissed when Defendants filed their Notice. The attached e-mail correspondence indicates that the Plaintiffs "agreed to accept the Seays' policy limits and are now settling with the Seays" and "have indicated they will accept KFB's limits and settle with KFB[.]" Docket No. 15–6. This correspondence indicated to the VW Defendants that the Plaintiffs were settling with the two non-diverse Defendants, and that the case was now removable to federal court. Formal dismissal of the parties required to create diversity jurisdiction is not required as long as the parties have notice that the case will become removable. As the VW Defendants had notice, the Court holds that their Notice to Remove was timely filed *after receiving e-mails from Plaintiffs' counsel*. Because a formal dismissal is not required, the Court finds that the Notice of Removal was filed within the deadline, as the emails constituted "other paper."

*Id.* (emphasis added).

The Court notes that *Hiser* differs from the instant case in that the court found the communication was between plaintiff's counsel and defense counsel, not between the two defendants. Further, the court referenced "settlement agreements" in its analysis, and it is unclear to this Court whether that refers to what is contained in the emails or binding settlement agreements with releases. Perhaps most importantly, *Hiser* predated the Sixth Circuit's opinion in *Forest Creek*, and so the *Hiser* court's analysis does not utilize the "solid and unambiguous" standard set forth in *Forest Creek*.

---

[4] The Court notes that in its limited review of the docket in *Hiser*, it appears the emails at issue were sent by counsel for the co-defendants. *Hiser v. Seay*, No. 5:14-CV-170, Doc. No. 15-6.

The district court in *Fox Head* considered a nearly identical set of facts to the present case: defendant Fox Head, Inc. removed the case on diversity jurisdiction grounds, "relying on email correspondence from counsel for Oregon Defendant Wylder Promotions LLC ("Wylder") relating to a settlement between it and Plaintiff." *Fox Head*, 2019 WL 4237760, at *1. The email at issue read in its entirety:

> Our client has settled with Plaintiff and [we] are working on the details. Plaintiff has withdrawn the RFP, but has asked that we provide documents responsive to RFPs 1 and 2. We are happy to provide copies to you, as well and to gather and provide anything else you need—so please let me know. Because Rick (and potentially others who work for him) is still a witness, we will not close our file and I will remain involved to shepherd whatever is necessary. Please continue to keep me in the loop on everything. I am happy to discuss further anytime.

*Id.* at *2.

The district court noted that Fox Head cited "no authority finding that an email from counsel for a non-diverse defendant discussing reaching settlement but still 'working on the details,' *without suggesting any agreement had been signed or letters exchanged*, was found to constitute 'other paper' sufficient to support a finding of diversity jurisdiction." *Id.* (emphasis added). Further, "the email from Wylder's counsel states that the parties were still 'working on the details.' Parties sometimes believe that they have reached a settlement and yet when they try to put the terms in writing the settlement falls apart. Those 'details' can sometimes be tricky and prove fatal to the agreement." *Id.* at *3. The court ultimately concluded there was "not enough information in the email" to find the parties had a "binding settlement 'final enough' to presume that Wylder would no longer be in the case." *Id.*

A decision from a Massachusetts district court considering a set of circumstances involving whether defendants timely removed a case to federal court is also illustrative. *Torres v. Johnson & Johnson*, No. 18-10566-MGM, 2018 WL 2271019, at *4 (D. Mass. May 17, 2018). In *Torres*, the court found an email

8

from plaintiff's counsel to defendants stating, in relevant part, "Mercy is settled and we are finalizing settlement documents" was not specific enough to start the thirty-day clock for removal:

> "Essential facts are missing from" the email and, therefore, Removing Defendants "would have needed to investigate" the precise status of the agreement between Plaintiff and Mercy to have determined whether the parties had indeed entered a binding settlement which effectively removed Mercy from the case at that point. *Romulus*, 770 F.3d at 76; *see also Lovern*, 121 F.3d at 162 ("Where, however such details are obscured or omitted … that circumstance makes the case not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal….").

*Id.* (quoting *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 76 (1st Cir. 2014); citing *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997)).

The Removing Defendants assert the email at issue in this case "could not be any clearer or unambiguous":

> Lincoln Electric states not only has a settlement been reached, but that it **"will be dismissed from Schmidt litigation."** Lincoln reiterates that it will be dismissed and that it will provide notice to LMI, the document collection service. Finally, Lincoln Electric provides notice that it will no longer be obligated to pay for further expert fees or expenses and asks for final invoices. There is no question that Lincoln Electric would not be subject to continued litigation and that the case against it was effectively over. All of this is simply bolstered by the fact that Plaintiff does not deny that any of this is true.

(Doc. No. 9 at 4) (emphasis in original).

Plaintiff points to the fact that it is still pursuing discovery from Lincoln Electric as a named defendant in this case, including an inspection of the Lincoln Electric plant on June 25, 2019 – post-dating the June 21, 2019 email on which the Removing Defendants rely – and a deposition of a corporate representative of Lincoln Electric, noticed on July 9, 2019.[5] (Doc. No. 8 at 2.) Plaintiff also represents that

---

[5] In a footnote, Plaintiff argues 28 U.S.C. 1446(a) "requires that notice of removal be accompanied with a 'copy of all process and pleadings served upon such defendant or defendants in such action'" and the statute must be strictly complied with; since the Removing Defendants "failed to include this Notice to take the

9

she intends to schedule future depositions of Lincoln Electric employees. (*Id.* at 5.) The Removing Defendants maintain, "This argument ignores the simple fact that an entity need not be a party to be subject to further discovery. Merely because Plaintiff intends to conduct depositions of Lincoln Electric's employees in the future or engage in a site inspection does not mean that Plaintiff intends to continue litigating against a non-diverse defendant." (Doc. No. 9 at 3.) Plaintiff insists "this discovery can be more expeditiously and efficiently accomplished so long as [Lincoln Electric] remain[s] an active defendant in the case." (Doc. No. 8 at 8.)

The Sixth Circuit requires a defendant have "solid and unambiguous information" that the case is removable for the thirty-day clock to start. *Forest*, 695 F. App'x at 912. The email at issue here, the "other paper," contains no suggestion that any agreement had been signed or letters exchanged between Plaintiff and Lincoln Electric, or that they otherwise had a binding agreement in place. As the Court and counsel well know, sometimes an agreement in principle turns into no agreement at all when the parties attempt to memorialize their agreement. While the Removing Defendants point to Lincoln Electric saying it "will provide notice to LMI," a document collection service, "that it has settled and will be dismissed," that had not occurred as of the time of the email, nor does the email provide any context for the significance of that notice. While Lincoln Electric deeming the email as "requisite notice under the JDA to relieve it of any further obligations for payment of expert fees and expenses" perhaps presents a closer question, the Court

---

deposition of Lincoln Electric" in the record submitted with the Notice of Removal, "[o]n this basis alone, the Removal should be deemed improper and the Motion to Remand should be granted." (Doc. No. 8 at 2.) But courts within the Sixth Circuit follow the "majority rule" allowing a party "to cure a failure to attach the proper state court papers to a notice of removal." *Geiman v. Northern Ky. Water Dist.*, No. 2:13-cv-177(WOB-CJS), 2014 WL 12573717, at *3 (E.D. Ky. 2014) ("Additionally, District Courts within the Sixth Circuit have followed the majority approach, noting that the Sixth Circuit has not opined on the issue but that those Courts believed that it would follow the majority rule.") (collecting cases). Since the undersigned recommends granting the Motion to Remand, the undersigned does not recommend requiring the Removing Defendants to cure this defect before addressing the merits of the motion to remand.

10

cannot say how "solid and unambiguous" a statement supporting removal that is without additional information and without considering the subjective knowledge of the Removing Defendants. In addition, unlike the email at issue in *Fox Head*, which the court ultimately found insufficient for removal, the email in this case does not state that Plaintiff withdrew any discovery requests.

When considered on its face, the Court finds the email ambiguous regarding the status and finality of the settlement between Plaintiff and Lincoln Electric. "Essential facts" about the finality of the settlement agreement are missing from the email, and the Court should not have to engage in a hearing to investigate the status of the settlement – the requisite facts supporting removal should be apparent in the four corners of the document. *State Farm*, 824 F. Supp. 2d at 931 ("The notice 'should not be an ambiguous statement that requires an extensive investigation to determine the truth.'") (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)). Furthermore, there is conflicting evidence in the record concerning the status of discovery proceeding against Lincoln Electric. *See Mathes*, 2019 WL 5394310, at *7 ("[Mathes' letter] does not show unambiguously that the case has become removable on the basis of diversity of citizenship. *Moreover, it is countered by contrary evidence in the record . . . .*") (emphasis added). Overall, the Court finds the email from Lincoln Electric's counsel is not "solid and ambiguous" information that the case had become removable; rather, the email put the Removing Defendants "on inquiry notice that removal *might* be appropriate." *Id.* (emphasis in original).

The Court is mindful of the strict standards governing removal, and that all ambiguities are to be resolved against removal. *Sanders*, 2016 WL 1409212, at *2 ("'All doubts as to the propriety of removal are resolved in favor of remand.'") (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1994)). Therefore, the Magistrate Judge recommends the Motion for Remand (Doc. No. 8) be GRANTED.

11

### 2. Bad Faith

The Court must address the issue of bad faith. In the Notice of Removal, the Removing Defendants asserted, "Plaintiff should be estopped from preventing removal and enforcing a one-year limitation where she has acted in bad faith with the specific intent of preventing Defendants from exercising their right to removal." (Doc. No. 1 at 5.) Plaintiff disputed that she was acting in bad faith in her Motion to Remand.[6] (Doc. No. 8 at 6-8.) In their opposition to Plaintiff's Motion to Remand, the Removing Defendants "noted" that under § 1446, "the question of bad faith is only relevant if the removal is filed *after* the one-year timeframe as a means of granting defendants relief from misconduct of plaintiffs. However, as set forth in the Notice of Removal, this removal was filed *before* the one-year timeframe lapsed . . . ." (Doc. No. 9 at 5.)

Section 1446(c)(1) provides, "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). A review of the record shows that Plaintiff filed her case in the Cuyahoga County Court of Common Pleas on July 17, 2018. (Doc. No. 1-1 at 1.) The Removing Defendants filed their Notice of Removal in this Court on July 15, 2019. (Doc. No. 1.) As the Removing Defendants removed the case before the expiration of the one-year deadline, the Court need not reach the issue of bad faith under the terms of § 1446(c)(1).

---

[6] Plaintiff maintains the "assertions attributed to counsel for Plaintiff within the Removal petition" violate Fed. R. 408 and "should be stricken and Plaintiff so moves." (Doc. No. 8 at 7.) As the Court does not reach the question of bad faith, the Court declines to address Plaintiff's Rule 408 argument and her request to strike the statements attributed to her counsel in the removal petition.

12

### III. Conclusion

For all the reasons set forth above, it is recommended that the Court GRANT Plaintiff's Motion for Remand (Doc. No. 8).

Date: December 2, 2019

      *s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).