UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RHONDA SCHMIDT** | ) | **CASE NO. 1:19-cv-1605** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **LINCOLN ELECTRIC COMPANY, et al.,** | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the Court on the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg ("R&R"), **Doc #: 13**. The Magistrate Judge recommends that Plaintiff Rhonda Schmidt's motion for remand, **Doc #: 8**, be granted.

Under the relevant statute:

> Within <u>fourteen days</u> after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1) (emphasis added). In this case, the R&R was issued on December 2, 2019. It is now December 17, 2019, and Schmidt has yet to file any written objection to the R&R. The failure to timely file written objections to an R&R constitutes a waiver of a *de novo* review by the district court of any issues covered in the R&R. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Despite the lack of objections, the Court has reviewed the Magistrate Judge's thorough, well-written R&R. This case involves an issue on which there is little guidance from the Sixth Circuit – the definition of "other paper" under 28 U.S.C. § 1446(b)(3). To prevent the wasteful expenditure of judicial and private resources, courts generally decide close questions on subject matter jurisdiction in favor of remand. *See Sanders v. Arctic Cat, Inc.*, Case No. 5:15-cv-2286, 2016 U.S. Dist. LEXIS 48363, at *2 (N.D. Ohio April 11, 2016) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 884, 496 (6th Cir. 1994)). Ultimately, the Court agrees with the reasoning of the Magistrate Judge and the authorities upon which he relies that the email from Lincoln Electric's counsel does not constitute "other paper" under § 1446(b)(3) and so removal was not proper. The Court also agrees with the Magistrate Judge's finding that it need not reach the issue of bad faith under the terms of § 1446(c)(1).

Therefore, the Court **ADOPTS** the R&R, **Doc #: 13**. Accordingly, the Court hereby **GRANTS** Schmidt's motion for remand, **Doc #: 8**.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster      December 17, 2019*
**Dan Aaron Polster**
**United States District Judge**